**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIRST</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>OKALOOSA</u>   COUNTY, FLORIDA

<u>CYNTHIA JOHNSON</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>OKALOOSA COUNTY CLERK OF COURT</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

     1

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

    **IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marie A Mattox</u>        Fla. Bar # <u>739685</u>
     Attorney or party            (Bar # if attorney)

<u>Marie A Mattox    </u>        <u>09/24/2023</u>
 (type or print name)         Date

**IN THE CIRCUIT COURT OF THE**
**FIRST JUDICIAL CIRCUIT, IN AND**
**FOR OKALOOSA COUNTY, FLORIDA**

**CYNTHIA JOHNSON,**

       **Plaintiff,**

**v.**

**OKALOOSA COUNTY CLERK OF COURT,**

       **Defendant.**

_____/

**CASE NO.: 23-CA-**  2023 CA 003526 F
**FLA BAR NO.: 0739685**

**COMPLAINT**

Plaintiff, Cynthia Johnson, hereby sues Defendant, OKALOOSA COUNTY CLERK OF COURT, and alleges:

**NATURE OF THE ACTION**

1.      This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2.      This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

**THE PARTIES**

3.      At all times pertinent hereto, Plaintiff, CYNTHIA JOHSON, has been a resident of the State of Florida and applied for employment with Defendant. Plaintiff, an African American disabled woman, is a member of a protected class due to her race, age, and disability.

4.      At all times pertinent hereto, Defendant, OKALOOSA COUNTY CLERK OF COURT (hereinafter "Okaloosa Clerk"), has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that

term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, an African American female, applied for two positions with Defendant and was denied employment due her race, disability, and age.

7.      The disparate treatment and retaliation came at the hands of specifically but not limited to Chelsea Law, Human Resource Generalist, and Meribeth Poole, Deputy Chief of Administration, both white women.

8.      Plaintiff was an eligible candidate at the time of her applications. Plaintiff provided her DD-214-member #4(Certificate of Release or Discharge from Active Duty) form with applications that showed character of service and an Honorable Discharge.

9.      Specifically, on October 19, 2021, Plaintiff applied for the Customer Call Center Representative position with veterans preference for service connected-disabilities.

10.     On November 15, 2021, Plaintiff applied for a Customer Service Training Coordinator position with Defendant with veterans preference for service connected-disabilities.

11.     After each application was submitted, Plaintiff was notified that her application had been received. When Plaintiff was not selected for each position, she was also notified of her non-hire.

12.     On November 1, 2021, Plaintiff was notified that she did not receive the first position for which she applied. That same day, she reached out to Chelsea Law via email to ask

her why she did not receive an interview due to her veteran status with service-connected disabilities.

13.    On November 2, 2021, Law replied to Plaintiff stating that another veteran was chosen instead of Plaintiff.

14.    Also, on November 2, 2021, Plaintiff requested from Law via email Defendant's hiring policy and procedures regarding the hiring of veterans with service-connected disabilities.

15.    On December 10, 2021, after Plaintiff had applied for the Customer Service Training Coordinator position but before said position had closed, Plaintiff noticed that the position title had been changed to "Training Coordinator."

16.    On December 22, 2021, Plaintiff received a notification that she had not received the aforementioned Customer Service Training Coordinator position.

17.    On January 7, 2022, Plaintiff called Law and asked why she did not get an interview. Plaintiff stated that she read Defendant's policies which she had requested and followed them exactly but was still not given an interview as specified in the policy.

18.    Plaintiff also asked Law why the position title had changed in the middle of the hiring process.

19.    Law only explained that Defendant had changed the position title during its hiring process but failed to address why Plaintiff was not given an interview. Law stated that Defendant had interviewed "five highly qualified candidates."

20.    Plaintiff then stated that she did not believe that Defendant was following its own Equal Opportunity Policies and that she wanted documentation on each candidate that was interviewed.

21.     After her call with Law, Plaintiff, within in minutes, received a call from Poole. Poole proceeded to state that Plaintiff had not submitted her DD-214 to Defendant in its hiring process and therefore had not received veterans preference.

22.     But Plaintiff did indeed submit the requisite forms. However, even if she had not, she did indicate on her applications that she was a veteran and per Defendant's policy she should have been notified of the missing forms and allowed five days to cure their absence.

23.     Upon investigation from Plaintiff pursuant to her public records request, it was found that Defendant hired a candidate for its Customer Call Center Representative position after having informed that candidate that they needed to add a DD-214 to their application in order to be given veterans preference.

24.     Further, that candidate did not even correct their mistake by adding the right DD-214 instead they added a version of the form which did not indicate they were given an Honorable Discharge.

25.     Plaintiff, despite attaching the required form to her application, was not given the same notification by Defendant who claimed that she, like the other candidate, did not attach a DD-214 to her application.

26.     Plaintiff further found out that the candidate hired for Defendant's Customer Service Training Coordinator position was not a veteran nor were they disabled.

27.     Plaintiff's public records request also revealed that both of the candidates hired by Defendant were significantly younger than Plaintiff.

28.     Further, both candidates hired by Defendant were white women like the members of Defendant's management who had discriminated against Plaintiff.

4

29.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

30.    Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31.    This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

32.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

33.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

34.    Defendant's known allowance and ratification of these actions and inactions created, perpetuated, and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

35.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

36.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff not being hired as alleged above.

37.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

38.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

**COUNT II**
**AGE DISCRIMINATION**

39.    Paragraphs 1 through 29 are realleged and incorporated herein by reference.

40.    This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

41.    Plaintiff has been the victim of discrimination on the basis of her age in that she was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her age.

42.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set

6

forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

43.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

44.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's employment with Defendant.

45.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

46.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

**COUNT III**
**DISABILITY DISCRIMINATION**

47.    Paragraphs 1 through 29 are realleged and incorporated herein by reference.

48.    This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

49.    Plaintiff has been the victim of discrimination based on her disability or perceived disability. Plaintiff's disability was used against her in the hiring process within Defendant.

7

50.     Defendant is liable for the differential treatment of Plaintiff, which adversely affected the terms and conditions of Plaintiff's prospective employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

51.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived disability based and in violation of the laws set forth herein.

52.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff not being hired by the Defendant.

53.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under the laws enumerated herein.

54.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

8

(b)      that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)      enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)      enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)      enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)      award Plaintiff interest where appropriate; and

(g)      grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 22nd day of September 2023.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

9

Filing # 182486935 E-Filed 09/24/2023 09:11:22 PM

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

CYNTHIA JOHNSON,                        CASE NO.: 23-CA-  **2023 CA 003526 F**
                                        FLA BAR NO.: 0739685
          **Plaintiff,**
                                        RCVD JD PEACOCK II CV
                                        DEC 19 2023 PM4:58
**v.**

OKALOOSA COUNTY CLERK OF COURT,         **SUMMONS**

          **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

        YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

        **OKALOOSA COUNTY CLERK OF COURT**
        **C/O JD PEACOCK, II – CLERK OF COURT**
        **OKALOOSA COUNTY COURTHOUSE**
        **101 E. JAMES LEE BLVD.**
        **CRESTVIEW, FLORIDA 32536**

        Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

        DATED on  **9/26/2023**  , 2023.


                                        CLERK OF THE CIRCUIT COURT


                                        By: _Kim Bryan_____
                                        Deputy Clerk

**NOTICE REGARDING THE AMERICANS WITH DISABILITIES ACT OF 1990:** If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:

> **Court Administration, ADA Liaison**
> **Okaloosa County**
> **1940 Lewis Turner Blvd, FWB FL 32547**
> **Phone (850)609-4700 or Fax(850)651-7725**
> **ADA.Okaloosa@flcourts1.gov**

At least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

**CYNTHIA JOHNSON,**

      **Plaintiff,**

CASE NO.: 23-CA-
FLA BAR NO.: 0739685

v.

**OKALOOSA COUNTY CLERK OF COURT,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, Cynthia Johnson, hereby sues Defendant, OKALOOSA COUNTY CLERK OF COURT, and alleges:

### NATURE OF THE ACTION

1.    This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2.    This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

### THE PARTIES

3.    At all times pertinent hereto, Plaintiff, CYNTHIA JOHSON, has been a resident of the State of Florida and applied for employment with Defendant. Plaintiff, an African American disabled woman, is a member of a protected class due to her race, age, and disability.

4.    At all times pertinent hereto, Defendant, OKALOOSA COUNTY CLERK OF COURT (hereinafter "Okaloosa Clerk"), has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that

term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, an African American female, applied for two positions with Defendant and was denied employment due her race, disability, and age.

7.      The disparate treatment and retaliation came at the hands of specifically but not limited to Chelsea Law, Human Resource Generalist, and Meribeth Poole, Deputy Chief of Administration, both white women.

8.      Plaintiff was an eligible candidate at the time of her applications. Plaintiff provided her DD-214-member #4(Certificate of Release or Discharge from Active Duty) form with applications that showed character of service and an Honorable Discharge.

9.      Specifically, on October 19, 2021, Plaintiff applied for the Customer Call Center Representative position with veterans preference for service connected-disabilities.

10.      On November 15, 2021, Plaintiff applied for a Customer Service Training Coordinator position with Defendant with veterans preference for service connected-disabilities.

11.      After each application was submitted, Plaintiff was notified that her application had been received. When Plaintiff was not selected for each position, she was also notified of her non-hire.

12.      On November 1, 2021, Plaintiff was notified that she did not receive the first position for which she applied. That same day, she reached out to Chelsea Law via email to ask

2

her why she did not receive an interview due to her veteran status with service-connected disabilities.

13.    On November 2, 2021, Law replied to Plaintiff stating that another veteran was chosen instead of Plaintiff.

14.    Also, on November 2, 2021, Plaintiff requested from Law via email Defendant's hiring policy and procedures regarding the hiring of veterans with service-connected disabilities.

15.    On December 10, 2021, after Plaintiff had applied for the Customer Service Training Coordinator position but before said position had closed, Plaintiff noticed that the position title had been changed to "Training Coordinator."

16.    On December 22, 2021, Plaintiff received a notification that she had not received the aforementioned Customer Service Training Coordinator position.

17.    On January 7, 2022, Plaintiff called Law and asked why she did not get an interview. Plaintiff stated that she read Defendant's policies which she had requested and followed them exactly but was still not given an interview as specified in the policy.

18.    Plaintiff also asked Law why the position title had changed in the middle of the hiring process.

19.    Law only explained that Defendant had changed the position title during its hiring process but failed to address why Plaintiff was not given an interview. Law stated that Defendant had interviewed "five highly qualified candidates."

20.    Plaintiff then stated that she did not believe that Defendant was following its own Equal Opportunity Policies and that she wanted documentation on each candidate that was interviewed.

3

21.    After her call with Law, Plaintiff, within in minutes, received a call from Poole. Poole proceeded to state that Plaintiff had not submitted her DD-214 to Defendant in its hiring process and therefore had not received veterans preference.

22.    But Plaintiff did indeed submit the requisite forms. However, even if she had not, she did indicate on her applications that she was a veteran and per Defendant's policy she should have been notified of the missing forms and allowed five days to cure their absence.

23.    Upon investigation from Plaintiff pursuant to her public records request, it was found that Defendant hired a candidate for its Customer Call Center Representative position after having informed that candidate that they needed to add a DD-214 to their application in order to be given veterans preference.

24.    Further, that candidate did not even correct their mistake by adding the right DD-214 instead they added a version of the form which did not indicate they were given an Honorable Discharge.

25.    Plaintiff, despite attaching the required form to her application, was not given the same notification by Defendant who claimed that she, like the other candidate, did not attach a DD-214 to her application.

26.    Plaintiff further found out that the candidate hired for Defendant's Customer Service Training Coordinator position was not a veteran nor were they disabled.

27.    Plaintiff's public records request also revealed that both of the candidates hired by Defendant were significantly younger than Plaintiff.

28.    Further, both candidates hired by Defendant were white women like the members of Defendant's management who had discriminated against Plaintiff.

4

29.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

30.    Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31.    This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

32.    Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

33.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

34.    Defendant's known allowance and ratification of these actions and inactions created, perpetuated, and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

35.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

5

36.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff not being hired as alleged above.

37.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

38.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## AGE DISCRIMINATION

39.     Paragraphs 1 through 29 are realleged and incorporated herein by reference.

40.     This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

41.     Plaintiff has been the victim of discrimination on the basis of her age in that she was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her age.

42.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set

forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

43.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

44.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's employment with Defendant.

45.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

46.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

## COUNT III
## DISABILITY DISCRIMINATION

47.    Paragraphs 1 through 29 are realleged and incorporated herein by reference.

48.    This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

49.    Plaintiff has been the victim of discrimination based on her disability or perceived disability. Plaintiff's disability was used against her in the hiring process within Defendant.

7

50.     Defendant is liable for the differential treatment of Plaintiff, which adversely affected the terms and conditions of Plaintiff's prospective employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

51.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived disability based and in violation of the laws set forth herein.

52.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff not being hired by the Defendant.

53.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under the laws enumerated herein.

54.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

8

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)    award Plaintiff interest where appropriate; and

(g)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 22nd day of September 2023.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

9

**FORM 1.997.**    **CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

(Name of Court) OKALOOSA COUN

Plaintiff CYNTHIA JOHNS(

Case # _____

Judge _____

vs.

Defendant OKALOOSA COU

**II.    AMOUNT OF CLAIM**

**Please indicate the estimated amount of the claim, rounded to the nearest dollar. $ _____**

**III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

_____ Condominium
_____ Contracts and indebtedness
_____ Eminent domain
_____ Auto negligence
_____ Negligence—other
        _____ Business governance
        _____ Business torts
        _____ Environmental/Toxic tort
        _____ Third party indemnification
        _____ Construction defect
        _____ Mass tort
        _____ Negligent security
        _____ Nursing home negligence
        _____ Premises liability—commercial
        _____ Premises liability—residential
_____ Products liability
    ___ Real property/Mortgage foreclosure

\_\_\_\_\_ Commercial foreclosure

\_\_\_\_\_ Homestead residential foreclosure

\_\_\_\_\_ Non-homestead residential foreclosure

\_\_\_\_\_ Other real property actions

\_\_\_\_\_ Professional malpractice
      \_\_\_\_\_ Malpractice—business
      \_\_\_\_\_ Malpractice—medical
      \_\_\_\_\_ Malpractice—other professional
**XXX** Other
      \_\_\_\_\_ Antitrust/Trade regulation
      \_\_\_\_\_ Business transactions
      \_\_\_\_\_ Constitutional challenge—statute or ordinance
      \_\_\_\_\_ Constitutional challenge—proposed amendment
      \_\_\_\_\_ Corporate trusts
      **XXXX** Discrimination—employment or other
      \_\_\_\_\_ Insurance claims
      \_\_\_\_\_ Intellectual property
      \_\_\_\_\_ Libel/Slander
      \_\_\_\_\_ Shareholder derivative action
      \_\_\_\_\_ Securities litigation
      \_\_\_\_\_ Trade secrets
      \_\_\_\_\_ Trust litigation

**COUNTY CIVIL**

\_\_\_\_\_ Civil
\_\_\_\_\_ Replevins
\_\_\_\_\_ Evictions
\_\_\_\_\_ Other civil (non-monetary)

**IV.**    **REMEDIES SOUGHT** (check all that apply):
**XXX**  Monetary;
**XXX**  Nonmonetary declaratory or injunctive relief;
**XXX**  Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify) **1 (ONE)** _____

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
        \_\_\_\_\_ yes
        **XXX** no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      __XXX__ no
      __ yes If "yes," list all related cases by name, case number, and court._____

_____
_____
_____


**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
      __XXX__ yes
      _____ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature _/s/ Marie A. Mattox_____    Fla. Bar # __0739685_____
          Attorney or party                   (Bar # if attorney)
__Marie A. Mattox_____    __09/24/2023_____
(type or print name)               Date

**FORM 1.997.**    **INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET**

Plaintiff must file this cover sheet with the first document filed in the action or proceeding (except small claims cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I.    Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II.    Amount of Claim.** Enter the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes and is not considered dispositive of the claim.

**III.    Type of Case.** Place an "X" on the appropriate line. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" on the category and subcategory lines. Definitions of the cases are provided below in the order they appear on the form.

**Circuit Civil**

(A)    Condominium—all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.

(B)    Contracts and indebtedness—all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.

(C)    Eminent domain—all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.

(D)    Auto negligence—all matters arising out of a party's allegedly negligent operation of a motor vehicle.

(E)    Negligence—other—all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.

(F)    Business governance—all matters relating to the management, administration, or control of a company.

(G)    Business torts—all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

(H)    Environmental/Toxic tort—all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.

(I)    Third party indemnification—all matters relating to liability transferred to a third party in a financial relationship.

(J)    Construction defect—all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.

(K)    Mass tort—all matters relating to a civil action involving numerous plaintiffs against one or more defendants.

(L)    Negligent security—all matters involving injury to a person or property allegedly resulting from insufficient security.

(M)    Nursing home negligence—all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.

(N)    Premises liability—commercial—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.

(O)    Premises liability—residential—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.

(P)    Products liability—all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.

(Q)    Real property/Mortgage foreclosure—all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units. (The amount of claim specified in Section II. of the form determines the filing fee pursuant to section 28.241, Florida Statutes.)

(R)    Commercial foreclosure—all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property.

(S)    Homestead residential foreclosure—all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption.

(T)    Nonhomestead residential foreclosure—all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption.

(U)    Other real property actions—all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure.

(V)    Professional malpractice—all professional malpractice lawsuits.

(W) Malpractice—business—all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.

(X)    Malpractice—medical—all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.

(Y)    Malpractice—other professional—all matters relating to negligence of those other than medical or business professionals.

(Z)    Other—all civil matters not included in other categories.

(AA)   Antitrust/Trade regulation—all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.

(AB)   Business transactions—all matters relating to actions that affect financial or economic interests.

(AC)   Constitutional challenge—statute or ordinance—a challenge to a statute or ordinance, citing a violation of the Florida Constitution.

(AD)   Constitutional challenge—proposed amendment—a challenge to a legislatively initiated proposed constitutional amendment but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.

(AE)   Corporate trusts—all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.

(AF)   Discrimination—employment or other—all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.

(AG)   Insurance claims—all matters relating to claims filed with an insurance company.

(AH)   Intellectual property—all matters relating to intangible rights protecting commercially valuable products of the human intellect.

(AI)   Libel/Slander—all matters relating to written, visual, oral, or aural defamation of character.

(AJ)   Shareholder derivative action—all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.

(AK)   Securities litigation—all matters relating to the financial interest or instruments of a company or corporation.

(AL)   Trade secrets—all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.

(AM)   Trust litigation—all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.

**County Civil**

(AN)   Civil – all matters involving claims ranging from $8,001 through $30,000 in damages, exclusive of interest, costs, and attorney fees.

(AO)   Replevins—all lawsuits pursuant to Chapter 78, Florida Statutes, involving claims up to $30,000.

(AP)   Evictions—all matters involving the recovery of possession of leased land or rental property by process of law.

(AQ)   Other civil (non-monetary)—includes all other non-monetary county civil matters that were not described in other county civil categories.

**IV.**   **Remedies Sought**. Place an "X" on the appropriate line.  If more than one remedy is sought in the complaint or petition, check all that apply.

**V.**   **Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.

**VI.**   **Class Action.** Place an "X" on the appropriate line.

**VII.**   **Related Cases.** Place an "X" on the appropriate line.

**VIII.**   **Is Jury Trial Demanded In Complaint?** Check the appropriate line to indicate whether a jury trial is being demanded in the complaint.

ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet, **and has read and complied with the requirements of Florida Rule of Judicial Administration 2.425.**

Case 3:24-cv-00187-MCR-HTC    Document 1-1    Filed 04/26/24    Page 32 of 92

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

**CYNTHIA JOHNSON,**

**CASE NO.: 23-CA-**  2023 CA 003526 F
**FLA BAR NO.: 0739685**

     **Plaintiff,**

**v.**

**OKALOOSA COUNTY CLERK OF COURT,**      **SUMMONS**

     **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **DIVISION OF RISK MANAGEMENT**
     **Department of Financial Services**
     **200 East Gaines Street**
     **Tallahassee, FL 32399**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on ___*9/26/2023*___, 2023.

          CLERK OF THE CIRCUIT COURT

          By: ___Kim Bryan___
          Deputy Clerk.

**NOTICE REGARDING THE AMERICANS WITH DISABILITIES ACT OF 1990:  If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact:**

> **Court Administration, ADA Liaison**
> **Okaloosa County**
> **1940 Lewis Turner Blvd, FWB FL 32547**
> **Phone (850)609-4700 or Fax(850)651-7725**
> **ADA.Okaloosa@flcourts1.gov**

**At least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days.  If you are hearing or voice impaired, call 711.**

**FORM 1.997.**         **CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

(Name of Court) OKALOOSA COUN.

Plaintiff CYNTHIA JOHNSC                    Case # _____
                                           Judge _____

vs.
Defendant OKALOOSA COU

## II.    AMOUNT OF CLAIM
**Please indicate the estimated amount of the claim, rounded to the nearest dollar. $ _____**

## III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

_____ Condominium
_____ Contracts and indebtedness
_____ Eminent domain
_____ Auto negligence
_____ Negligence—other
         _____ Business governance
         _____ Business torts
         _____ Environmental/Toxic tort
         _____ Third party indemnification
         _____ Construction defect
         _____ Mass tort
         _____ Negligent security
         _____ Nursing home negligence
         _____ Premises liability—commercial
         _____ Premises liability—residential
_____ Products liability
    ___ Real property/Mortgage foreclosure

_____ Commercial foreclosure

_____ Homestead residential foreclosure

_____ Non-homestead residential foreclosure

_____ Other real property actions

_____ Professional malpractice
  _____ Malpractice—business
  _____ Malpractice—medical
  _____ Malpractice—other professional
__XXX__ Other
  _____ Antitrust/Trade regulation
  _____ Business transactions
  _____ Constitutional challenge—statute or ordinance
  _____ Constitutional challenge—proposed amendment
  _____ Corporate trusts
  __XXXX__ Discrimination—employment or other
  _____ Insurance claims
  _____ Intellectual property
  _____ Libel/Slander
  _____ Shareholder derivative action
  _____ Securities litigation
  _____ Trade secrets
  _____ Trust litigation

**COUNTY CIVIL**

_____ Civil
_____ Replevins
_____ Evictions
_____ Other civil (non-monetary)

**IV. REMEDIES SOUGHT** (check all that apply):
__XXX__ Monetary;
__XXX__ Nonmonetary declaratory or injunctive relief;
__XXX__ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [   ]
(Specify) __1 (ONE)__

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
  _____ yes
  __XXX__ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
<u>**XXX**</u>   no
__ yes If "yes," list all related cases by name, case number, and court._____

_____
_____
_____


**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
<u>**XXX**</u>   yes
_____   no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature /s/ Marie A. Mattox_____    Fla. Bar # 0739685_____
                      Attorney or party                                    (Bar # if attorney)
Marie A. Mattox_____    09/24/2023_____
(type or print name)                              Date

**FORM 1.997.        INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET**

Plaintiff must file this cover sheet with the first document filed in the action or proceeding (except small claims cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I.      Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II.      Amount of Claim.** Enter the estimated amount of the claim, rounded to the nearest dollar.  The estimated amount of the claim is requested for data collection and clerical processing purposes and is not considered dispositive of the claim.

**III.      Type of Case.** Place an "X" on the appropriate line. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" on the category and subcategory lines. Definitions of the cases are provided below in the order they appear on the form.

**Circuit Civil**

(A)      Condominium—all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.

(B)      Contracts and indebtedness—all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.

(C)      Eminent domain—all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.

(D)      Auto negligence—all matters arising out of a party's allegedly negligent operation of a motor vehicle.

(E)      Negligence—other—all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.

(F)      Business governance—all matters relating to the management, administration, or control of a company.

(G)     Business torts—all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

(H)     Environmental/Toxic tort—all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.

(I)     Third party indemnification—all matters relating to liability transferred to a third party in a financial relationship.

(J)     Construction defect—all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.

(K)     Mass tort—all matters relating to a civil action involving numerous plaintiffs against one or more defendants.

(L)     Negligent security—all matters involving injury to a person or property allegedly resulting from insufficient security.

(M)     Nursing home negligence—all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.

(N)     Premises liability—commercial—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.

(O)     Premises liability—residential—all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.

(P)     Products liability—all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.

(Q)     Real property/Mortgage foreclosure—all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units. (The amount of claim specified in Section II. of the form determines the filing fee pursuant to section 28.241, Florida Statutes.)

(R)     Commercial foreclosure—all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property.

(S)     Homestead residential foreclosure—all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption.

(T)     Nonhomestead residential foreclosure—all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption.

(U)     Other real property actions—all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure.

(V)     Professional malpractice—all professional malpractice lawsuits.

(W) Malpractice—business—all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.

(X)     Malpractice—medical—all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.

(Y)     Malpractice—other professional—all matters relating to negligence of those other than medical or business professionals.

(Z)     Other—all civil matters not included in other categories.

(AA)   Antitrust/Trade regulation—all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.

(AB)   Business transactions—all matters relating to actions that affect financial or economic interests.

(AC)   Constitutional challenge—statute or ordinance—a challenge to a statute or ordinance, citing a violation of the Florida Constitution.

(AD)   Constitutional challenge—proposed amendment—a challenge to a legislatively initiated proposed constitutional amendment but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.

(AE)   Corporate trusts—all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.

(AF)   Discrimination—employment or other—all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.

(AG)   Insurance claims—all matters relating to claims filed with an insurance company.

(AH)   Intellectual property—all matters relating to intangible rights protecting commercially valuable products of the human intellect.

(AI)   Libel/Slander—all matters relating to written, visual, oral, or aural defamation of character.

(AJ)   Shareholder derivative action—all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.

(AK)   Securities litigation—all matters relating to the financial interest or instruments of a company or corporation.

(AL)   Trade secrets—all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.

(AM)   Trust litigation—all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.

**County Civil**

(AN)   Civil – all matters involving claims ranging from $8,001 through $30,000 in damages, exclusive of interest, costs, and attorney fees.

(AO)   Replevins—all lawsuits pursuant to Chapter 78, Florida Statutes, involving claims up to $30,000.

(AP)   Evictions—all matters involving the recovery of possession of leased land or rental property by process of law.

(AQ)   Other civil (non-monetary)—includes all other non-monetary county civil matters that were not described in other county civil categories.

**IV.     Remedies Sought**. Place an "X" on the appropriate line.  If more than one remedy is sought in the complaint or petition, check all that apply.

**V.     Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.

**VI.     Class Action.** Place an "X" on the appropriate line.

**VII.     Related Cases.** Place an "X" on the appropriate line.

**VIII.   Is Jury Trial Demanded In Complaint?** Check the appropriate line to indicate whether a jury trial is being demanded in the complaint.

ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet.  Print legibly the name of the person signing the civil cover sheet.  Attorneys must include a Florida Bar number.  Insert the date the civil cover sheet is signed.  Signature is a certification that the filer has provided accurate information on the civil cover sheet, **and has read and complied with the requirements of Florida Rule of Judicial Administration 2.425.**

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

Plaintiff/Petitioner,

**JOHNSON, CYNTHIA**

Case No:   **2023 CA 003526 F**

Defendant/Respondent,

**OKALOOSA COUNTY CLERK OF COURT**

## SITUS DESIGNATION FORM

Pursuant to Administrative Directive 2012-04 , I hereby certify the situs of this action to be:

☐     (a) **Courthouse** - Crestview Situs ("North End") if:

       (1) The cause of action accrued North of the situs line at Range Road 215
            West and Range Road 213 East, as depicted on the attached map, said area to be designated as "North
            End,: or
       (2) The cause of action did not accrue in Okaloosa County, but at the time the
            action is filed, all defendants/respondents reside in the North End.

**[X]**     (b) **Okaloosa County Courthouse Annex Extension** - Fort Walton Beach Situs ("South End") if:

       (1) The cause of action accrued South of the situs line at Range Road 215  West and Range Road 213 East, as
            depicted on the attached map, said area to be designated as  "South End," or
       (2) The cause of action did not accrue in Okaloosa County, but at the time the
            action is filed, all defendants/respondents reside in the South End.

☐     (c) **Either Courthouse** (Crestview) or Okaloosa County Courthouse Annex Extension (Fort Walton Beach) if:

       (1) The cause of action did not accrue in Okaloosa County, and no
            defendant/respondent resides in Okaloosa County; or
       (2) The cause of action did not accrue in Okaloosa County and the defendants/respondents reside in both
            the North End and the South End of Okaloosa County.

| If Plaintiff/Petitioner not represented by attorney | If Plaintiff/Petitioner represented by attorney |
|---|---|
| _____ | _____ |
| Plaintiff/Petitioner's Signature | Attorney's Signature |
| _____ | _____ |
| (Type or print name) | (Type or print Attorney's name) |
| _____ | _____ |
| Telephone Number | Telephone Number |

Assisted by:     *Kim Bryan*
                     _____
                     Deputy Clerk, Kimberly Bryan

**IN THE CIRCUIT/COUNTY COURT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**
**CIVIL DIVISION**

CYNTHIA JOHNSON

     Plaintiff,                Case No.: 2023 CA 003526 F

v.                                Division:

OKALOOSA COUNTY CLERK OF COURT

     Defendant.

_____/

### <u>ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING</u>

THIS CAUSE, having come before the Court *sua sponte* upon the filing of this action and pursuant to First Judicial Circuit Administrative Order No. 2021-12, it is hereby,

ORDERED and ADJUDGED that the Plaintiff **shall** do the following:

1. Review and become familiar with First Judicial Circuit Administrative Order No. 2021-12.

2. Within 5 days of service of the complaint on the last of all named Defendants file a Notice of Final Service with the Court that includes the following:

    a. Notice that the last of all named Defendants to be served has been served and the date of said service.

    b. A proposal as to whether the case is complex under Fla. R. Civ. P. 1.201, streamlined, or general as defined in First Judicial Circuit Administrative Order No. 2021-12 and a statement as to whether the Defendant concurs in the proposed designation.

3.   Upon filing the Notice of Final Service required in paragraph 2, the Plaintiff shall also send a copy of said Notice to the assigned Judge's Judicial Assistant via the Proposed Documents function of the ePortal.

4.   Failure of the Plaintiff to strictly comply with this Order shall subject the Plaintiff to appropriate sanctions including, but not limited to, the striking of pleadings or dismissal of this action without prejudice.

DONE AND ORDERED on September 26, 2023 in Chambers at Okaloosa County, Florida.


/S/ WILLIAM F. STONE
WILLIAM F. STONE, CIRCUIT JUDGE
OKALOOSA COUNTY ADMINISTRATIVE JUDGE


Conformed copies to:
Plaintiff/ Plaintiff's Attorneys:

# VERIFIED RETURN OF SERVICE

Job # T234244

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

**PLAINTIFF:**                                                                                                    CIRCUIT COURT
CYNTHIA JOHNSON
  -versus-                                                                                        County of Okaloosa, Florida
**DEFENDANT:**                                                                          Court Case # **2023 CA 003526 F**
OKALOOSA COUNTY CLERK OF COURT

**Service Info:**

**Received by KATHRYN VILLA: on December, 18th 2023 at 10:37 AM**
**Service:** I Served **DIVISION OF RISK MANAGEMENT DEPARTMENT OF FINANCIAL SERVICES**
With: **SUMMONS; COMPLAINT; CIVIL COVER SHEET**
by leaving with **JONATHON DOSTER, AUTHORIZED TO ACCEPT**

**At Business 200 EAST GAINES STREET TALLAHASSEE, FL 32399**
On **12/18/2023** at **01:05 PM**
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **KATHRYN VILLA** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

*Kathryn Villa*

**KATHRYN VILLA**
Lic # **286**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T234244**     Client Ref # **CYNTHIA JOHNSON**




Case 3:24-cv-00187-MCR-HTC   Document 1-1   Filed 04/26/24   Page 46 of 92
DATE: 12/18/2023 TIME: 01:05 PM
MILITARY: NA
MARITAL STATUS: NA

**IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA**

**CYNTHIA JOHNSON,**

**CASE NO.: 23-CA-**     2023 CA 003526 F
**FLA BAR NO.: 0739685**

      **Plaintiff,**

**v.**

**OKALOOSA COUNTY CLERK OF COURT,**          **SUMMONS**

      **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **DIVISION OF RISK MANAGEMENT
Department of Financial Services
200 East Gaines Street
Tallahassee, FL 32399**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on ____*9/26/2023*____, 2023.

              CLERK OF THE CIRCUIT COURT

              By: ___Kim Bryan_____
              Deputy Clerk.

**IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA**

**CYNTHIA JOHNSON,**

      **Plaintiff,**

v.

**OKALOOSA COUNTY CLERK OF COURT,**

      **Defendant.**

_____/

**CASE NO.: 23-CA- 3526
FL BAR NO.: 0739685**

## <u>NOTICE OF FINAL SERVICE</u>

Plaintiff, **CYNTHIA JOHNSON**, through her counsel, files this Notice of Final Service in response to the Court's Order to Plaintiff Regarding Required Reporting that was entered in this case on September 26, 2023.

On December 19, 2023, Defendant, **OKALOOSA COUNTY CLERK OF COURT**, was served (see attached Return of Service) AND on December 18, 2023, **RISK MANAGEMENT** was served (see attached Return of Service).  No other service is needed.

Plaintiff proposes this case will qualify for General Case Streaming as defined in First Judicial Circuit Administrative Order No. 2021-12.  The Defendant's counsel has not yet put in its Notice of Appearance for conferral.

Respectfully submitted,

s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301

ATTORNEYS FOR PLAINTIFF

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via Florida E-Filing Portal to all counsel of record this 22nd day of December 2023.


<u>s/ Marie A. Mattox</u>
Marie A. Mattox

# VERIFIED RETURN OF SERVICE

Job # T234245

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| CYNTHIA JOHNSON | |
| -versus- | County of Okaloosa, Florida |
| **DEFENDANT:** | Court Case # **2023 CA 003526 F** |
| OKALOOSA COUNTY CLERK OF COURT | |

**Service Info:**

Received by LAUREN VAN PELT: on December, 18th 2023 at **09:04 AM**
**Service:** I Served **OKALOOSA COUNTY CLERK OF COURT, C/O JD PEACOCK, II - CLERK OF COURT OKALOOSA COUNTY COURTHOUSE**
With: **SUMMONS; COMPLAINT; CIVIL COVER SHEET; NOTICE REGARDING THE AMERICANS WITH DISABILITIES ACT; INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET**
by leaving with **Jackie Dunlop, DEPUTY CLERK**

**At Business 101 E. JAMES LEE BLVD. CRESTVIEW, FL 32536**
Latitude: **30.760937**,   Longitude: **-86.572344**

On **12/19/2023** at **04:23 PM**
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

**Served Description:  (Approx)**

Age: **50**, Sex: **Female**, Race: **White-Caucasian**, Height: **Sitting**, Weight: **150**, Hair: **White** Glasses:  **Yes**

I **LAUREN VAN PELT** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**LAUREN VAN PELT**
Lic # **676**

**ACCURATE SERVE OF TALLY**
400 CAPITAL CIRCLE ST STE. 18291
Tallahassee, FL 32301

Client # CYNTHIA JOHNSON
Ref # P231935




1 of 1

# VERIFIED RETURN OF SERVICE

Job # T234244

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

**PLAINTIFF:**                                                                                  CIRCUIT COURT
CYNTHIA JOHNSON
  -versus-                                                                        County of Okaloosa, Florida
**DEFENDANT:**                                                        Court Case # **2023 CA 003526 F**
OKALOOSA COUNTY CLERK OF COURT

**Service Info:**

**Received by KATHRYN VILLA: on December, 18th 2023 at 10:37 AM**
**Service:** I Served **DIVISION OF RISK MANAGEMENT DEPARTMENT OF FINANCIAL SERVICES**
With: **SUMMONS; COMPLAINT; CIVIL COVER SHEET**
by leaving with **JONATHON DOSTER, AUTHORIZED TO ACCEPT**

**At Business 200 EAST GAINES STREET TALLAHASSEE, FL 32399**
On **12/18/2023** at **01:05 PM**
**Manner of Service: GOVERNMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **KATHRYN VILLA** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**KATHRYN VILLA**
Lic # **286**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T234244**    Client Ref # **CYNTHIA JOHNSON**




1 of 1

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

CYNTHIA JOHNSON,

      Plaintiff,                   CASE NO.:  23-CA-003526 F

v.

OKALOOSA COUNTY CLERK OF COURT,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Okaloosa County Clerk of Court, ("Okaloosa Clerk" or "Defendant"), through counsel, provides the following response to Plaintiff's Complaint. All allegations not specifically admitted are denied. As to the specific numbered paragraphs of Plaintiff's Complaint, Defendant states the following.

## NATURE OF THE ACTION

1.     Admitted for jurisdictional purposes only.

2.     Admitted for jurisdictional purposes only.

## THE PARTIES

3.     Admitted Plaintiff is a resident of the State of Florida and applied for employment with Okaloosa County Clerk of Court. Without knowledge and, therefore, denied as to the remaining allegations of Paragraph No. 3 of Plaintiff's Complaint.

4.     Admitted.

## CONDITIONS PRECEDENT

5.     Denied.

## STATEMENT OF THE ULTIMATE FACTS

6.      Admitted Plaintiff applied for employment with the Okaloosa Clerk. Denied as to the remaining allegations of Paragraph No. 6 of Plaintiff's Complaint.

7.      Denied.

8.      Admitted Plaintiff was an eligible candidate for the positions for which she applied. Denied as to the remaining allegations of Paragraph No. 8.

9.      Admitted Plaintiff applied for a Customer Call Center Representative Position.

10.     Admitted Plaintiff applied for a Customer Service Training Coordinator Position.

11.     Admitted.

12.     Admitted Plaintiff contacted Chelsea Law ("Law") with the Okaloosa Clerk following notification that Plaintiff was not hired for the Customer Call Representative position.

13.     Admitted Law responded to Plaintiff's inquiry regarding the selection of a candidate and provided information for Plaintiff to review the Okaloosa Clerk's hiring policies.

14.     Admitted Law responded to Plaintiff's inquiry regarding the selection of a candidate and provided information for Plaintiff to review the Okaloosa Clerk's hiring policies.

15.     Without knowledge as to information Plaintiff may have noticed.

16.     Admitted.

17.     Admitted Plaintiff contacted Law by telephone on or about January 7, 2022. Denied as to the remaining allegations of Paragraph No. 17 of Plaintiff's complaint.

18.     Admitted Plaintiff contacted Law by telephone on or about January 7, 2022. Denied as to the remaining allegations of Paragraph No. 17 of Plaintiff's complaint.

19.     Admitted Plaintiff contacted Law by telephone on or about January 7, 2022. Denied as to the remaining allegations of Paragraph No. 17 of Plaintiff's complaint.

20.     Admitted Plaintiff contacted Law by telephone on or about January 7, 2022. Denied as to the remaining allegations of Paragraph No. 17 of Plaintiff's complaint.

21.     Admitted Meribeth Poole ("Poole") with the Okaloosa Clerk contacted Plaintiff to address Plaintiff's questions related to the Okaloosa Clerk's hiring process.

22.     Denied Plaintiff submitted her DD-214 at the time of her application to either position with the Okaloosa Clerk. Admitted Plaintiff's application indicated Plaintiff was seeking veteran's preference in the hiring process.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Without knowledge as to information Plaintiff may have discovered.

27.     Denied.

28.     Denied.

29.     Denied Plaintiff is entitled to any form of recovery in this action.

## COUNT I – RACE DISCRIMINATION

30.     Okaloosa Clerk incorporates its responses to Paragraph Nos. 1-29 of Plaintiff's Complaint.

31.     Denied Plaintiff can meet the evidentiary burden required for such a cause of action.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

3

36.    Denied.

37.    Denied.

38.    Denied.

## COUNT II – AGE DISCRIMINATION

39.    Okaloosa Clerk incorporates its responses to Paragraph Nos. 1-29 of Plaintiff's Complaint.

40.    Denied Plaintiff can meet the evidentiary burden required for such a cause of action.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

## COUNT III – DISABILITY DISCDRIMINATION

47.    Okaloosa Clerk incorporates its responses to Paragraph Nos. 1-29 of Plaintiff's Complaint.

48.    Denied Plaintiff can meet the evidentiary burden required for such a cause of action.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

## PRAYER FOR RELIEF

Except for Subpart (a) of Plaintiff's Prayer for Relief, regardless of whether Plaintiff seeks equitable, injunctive, or compensatory relief, Defendant denies Plaintiff's entitlement to same and incorporates the Affirmative Defenses below.

## AFFIRMATIVE DEFENSES

In an abundance of caution, Okaloosa Clerk alleges the following additional defenses, some of which may be affirmative defenses. These allegations are raised strictly as defenses and are not to be considered admissions of Okaloosa Clerk as to any factual, legal, or other matters. All allegations not specifically admitted are denied.

A.    Plaintiff's claims are barred and the Court lacks jurisdiction over them insofar as Plaintiff has failed to satisfy any or all of the prerequisites for maintaining such an action.

B.    Plaintiff's claims are barred insofar as Plaintiff has failed to satisfy all administrative remedies prior to the filing of her Complaint.

C.    Plaintiff is not entitled to recover lost remuneration, attorneys' fees, and costs, insofar as Plaintiff has failed to mitigate her damages or, if the Plaintiff is deemed to be so entitled, Okaloosa Clerk is entitled to an offset to the extent that Plaintiff has failed to take mitigating measures to reduce each and every component of her alleged damages.

D.    Okaloosa Clerk's employment and other practices are now and have been during the time referred to in the Complaint, conducted in all respects in accordance with applicable state and federal constitutions, laws, and regulations.

E.    Plaintiff's claims are frivolous or otherwise without merit and Okaloosa Clerk is entitled to recover attorneys' fees and costs as result of having to defend against such claims.

F.    Okaloosa Clerk's actions towards Plaintiff are based on legitimate, non-discriminatory reasons and Plaintiff's claims must fail.

G.    Plaintiff's claims and any possible recovery are subject to the limitations imposed by the applicable statutory damages caps.

H.    Plaintiff has failed to adequately plead a basis for attorneys' fees as related to any cause of action enumerated in her Complaint. Price v. Tyler, 890 So. 2d 246 (Fla. 2004)

I.    Okaloosa Clerk reserves the right to amend its Answer to include additional defenses and affirmative defenses upon the completion of discovery.

Respectfully submitted.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this

8th day of January 2024, by electronic service to the following:

Marie A. Mattox, Esquire
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

THE KRIZNER GROUP

s/ Jason C. Taylor
Jason C. Taylor
Florida Bar No. 497525
Email: jtaylor@thekriznergroup.com
1550 Village Square Blvd., Suite 3
Tallahassee, FL 32309
Phone: (850) 386-3747
Fax: (850) 907-1246

Attorney for Defendant,
OKALOOSA    COUNTY    CLERK    OF
COURT

IN THE COUNTY COURT OF THE FIRST JUDICIAL
CIRCUIT IN AND FOR OKALOOSA COUNTY, FLORIDA

Case Number: 2023 CA 003526

CYNTHIA JOHNSON,
    Plaintiff,

vs.

OKALOOSA COUNTY CLERK OF COURT,
    Defendant.
_____/

### ORDER OF RECUSAL

      **THE UNDERSIGNED** CIRCUIT JUDGE, having determined that he is disqualified from consideration of the above-styled cause, does hereby recuse himself from further participation in the deliberation of this case, and further requests that this matter be reassigned.

      **DONE AND ORDERED** at, Okaloosa County, Florida.

01/22/2024 07:58:06

signed by CIRCUIT COURT JUDGE JOHN T BROWN  01/22/2024 07:58:06 pjN-wM4q

**PURSUANT TO ADMINISTRATIVE DIRECTIVE OCAD 2016-04:**

In cases with one pro se party, the attorney in the case shall have the responsibility to serve the pro se plaintiff/petitioner or pro se defendant/respondent copies of any orders received from the courts via the Florida Courts e-Filing Portal. The attorney shall prepare and file a Certificate of Compliance within five business days as proof of the attorney's service upon the pro se litigant(s).

In cases wherein both parties are pro se, the Clerk shall have the responsibility to serve copies of any orders on the pro se litigant(s), and shall file a Certificate of Compliance as proof of service within five business days.

The Clerk shall have the responsibility to serve copies of any orders on those attorneys excused from electronic transmission pursuant to Rule 2.516, Florida Rules of Judicial Administration and shall file a Certificate of Compliance as proof of service within five business days.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

CYNTHIA JOHNSON,

     Plaintiff,

vs.                             Okaloosa County Circuit Case No.: 2023 CA 003526 F

OKALOOSA COUNTY CLERK OF COURT,

     Defendant.

_____/

## **ORDER OF REASSIGNMENT**

     THIS CAUSE came on the Chief Judge's own motion.  As it is necessary to reassign this cause to

an Escambia County Circuit Judge, and under the authority of Rule 2.215, *Florida Rules of General*

*Practice & Judicial Administration,* it is hereby:

ORDERED and ADJUDGED that:

     This cause shall be reassigned by the Clerk of Court in Okaloosa County to:

The Honorable Jan Shackelford
Escambia County Courthouse
M. C. Blanchard Judicial Building
190 Governmental Center
Pensacola, FL 32502
Phone: (850) 595-4453
Judicial Assistant:  Denise Moffitt
Judicial Assistant Email:  Denise.Moffitt@FLCourts1.gov

     DONE AND ORDERED in Escambia County, Pensacola, Florida, this ___ day of February, 2024.

_____
JOHN L. MILLER
Chief Judge

Conformed copies to:

All Judges, Okaloosa County
J. D. Peacock, II, Okaloosa County Clerk of Court
Pam Childers, Escambia County Clerk of Court
Honorable Jan Shackelford
Maria A. Mattox, Attorney for Plaintiff
Jason C. Taylor, Attorney for Defendant
Kasey Watson, Trial Court Administrator

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

CYNTHIA JOHNSON,                          CASE NO.: 23-CA-03526

      Plaintiff,

v.

OKALOOSA COUNTY CLERK OF COURT,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

The undersigned, **Katherine L. Viker**, now appears as additional counsel of record for Plaintiff. Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), hereby designates her e-mail addresses and requests that order, process, pleadings, and other documents filed and served in this matter be served on her at the following primary and secondary e-mail addresses listed below. Where service of hard copies is to be made in addition to the e-mail service, counsel requests that the copies be served on her at the physical address listed below.

Primary E-Mail Address:      katherine@mattoxlaw.com
Secondary E-Mail Address:   shannon@mattoxlaw.com
                           michelle2@mattoxlaw.com (for scheduling matters)

                           Respectfully submitted,

                           /s/ Katherine L. Viker
                           Katherine L. Viker [FBN 538531]
                           MARIE A. MATTOX, P. A.
                           203 N Gadsden Street
                           Tallahassee, FL 32301
                           Telephone: (850) 383-4800
                           Facsimile: (850) 383-4801
                           ATTORNEYS FOR PLAINTIFF

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record through the e-portal this 19th day of March, 2024.


/s/Katherine L. Viker
Katherine L. Viker

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

CYNTHIA JOHNSON,                         CASE NO.: 23-CA-03526

      Plaintiff,

v.

OKALOOSA COUNTY CLERK OF COURT,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

The undersigned, **Katherine L. Viker**, now appears as additional counsel of record for Plaintiff. Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), hereby designates her e-mail addresses and requests that order, process, pleadings, and other documents filed and served in this matter be served on her at the following primary and secondary e-mail addresses listed below. Where service of hard copies is to be made in addition to the e-mail service, counsel requests that the copies be served on her at the physical address listed below.

Primary E-Mail Address:     katherine@mattoxlaw.com

Secondary E-Mail Address:  shannon@mattoxlaw.com
                        michelle2@mattoxlaw.com (for scheduling matters)

                              Respectfully submitted,

                              /s/ Katherine L. Viker
                              Katherine L. Viker [FBN 538531]
                              MARIE A. MATTOX, P. A.
                              203 N Gadsden Street
                              Tallahassee, FL 32301
                              Telephone: (850) 383-4800
                              Facsimile: (850) 383-4801
                              ATTORNEYS FOR PLAINTIFF

1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record through the e-portal this 27th day of March, 2024.


/s/Katherine L. Viker
Katherine L. Viker

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

**CYNTHIA JOHNSON,**

      **Plaintiff,**

v.

**OKALOOSA COUNTY CLERK OF COURT,**

      **Defendant.**

**CASE NO.: 23-CA- 3526**
**FLA BAR NO.: 0739685**

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff, Cynthia Johnson, through her counsel and pursuant to Rule 1.190, Fla. R. Civ. P., files this Motion for Leave to File her Amended Complaint and states the following in support thereof:

1. Plaintiff asserted in her original complaint claims against Defendant for violations Chapter 760, Florida Statutes.

1. Plaintiff seeks to file an Amended Complaint, filed previously on or about September 22, 2024, to assert claims Age Discrimination in Employment Act (ADEA) codified at 29 U.S.C. §621 et seq., Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000e et seq. under 42 U.S.C. §1981, and Americans with Disabilities Act (ADA), codified at 42 U.S.C. § 12101, et seq.

2. Plaintiff has satisfied all conditions precedent.

3. The Amended Complaint arises from the identical events and persons as this instant action and is appended hereto.

4.     This Motion is not filed for the purpose of delay but is filed in good faith based on the representations made above.

WHEREFORE, Plaintiff respectfully requests that leave to amend be granted to allow Plaintiff to file her Amended Complaint all for the reasons set forth more fully above and below.

## **MEMORANDUM OF LAW**

Under Rule 1.190(a), "leave of court [to amend pleadings] shall be given freely when justice so requires." See Boca Burger v. Forum, 912 So.2d 561, 567 (Fla. 2005); Bill Williams Air v. Haymarket, 592 So.2d 302, 305 (Fla. 1st DCA 1991) ("all doubts should be resolved in favor of allowing amendment").  Florida courts have made clear that "leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile." Life General v. Horal, 667 So.2d 967, 969 (Fla. 4th DCA 1996), citing and following Spradley v. Stick, 622 So.2d 610 (Fla. 1st DCA 1993).  In its 2005 decision Dausman v. Hillsborough Area Regional Transit, 898 So.2d 213 (Fla. 2d DCA 2005), the Second District held that a "trial court abused its discretion in denying [a] request to amend [a] complaint because the request was made before final summary judgment was rendered and because the amendment was based on the same conduct upon which the original claim was brought…" Id., 898 So.2d at 215; see also Townsend v. Ward, 429 So.2d 404, 406 (Fla. 1st DCA 1983)("The denial of Townsend's motion to amend her complaint for the first time was, under the circumstances, an abuse of discretion which requires reversal"); Video Independent v. City of Weston, 792 So.2d 680, 681 (Fla. 4th DCA 2001) (holding that leave to amend should be granted when "the privilege to amend has not been abused… nor would allowing [plaintiff] to amend its complaint prejudice [defendant]"); Algarin v. Tivoli, 2010 Fla.Cir.Lexis 1528, pp. 1, 4 (Fla.9th Jud.Cir.OrangeCty. 2010)("Plaintiffs move this court under Florida Rule of Civil Procedure

1.190(a) for leave to file a third amended complaint… This court should grant plaintiffs leave to amend because the third amended complaint is being filed in good faith and raises no issues that would not reasonably have been anticipated by Developer. Additionally, if this court grants the motion for leave, there would be no prejudice to Developer").

Moreover, even a Third Amended Complaint is not too many under Florida law.  See e.g.,  Phillips v. USF&G, 155 So.2d 415 (Fla. 2d DCA 1963) (reversing trial court denial of leave to file fourth amended complaint); Weich v. Cook, 250 So.2d 281 (Fla. 1st DCA 1971) (same);  Kulp v. General Sheet Metal, 386 So.2d 1291, 1292 (Fla. 3d DCA  1980)(recognizing interlocutory nature of trial court dismissal of second amended complaint with  leave to file third amended complaint); East Caribbean v. K-K Auto, 435 So.2d 364 (Fla. 4th DCA 1983) (reversing trial court denial of leave to file fourth amended complaint); Dryden v. Bogard, 488 So.2d 672 (Fla. 4th DCA 1986) (reversing trial court denial of leave to file fifth  amended complaint); Muckerman v. Burris, 553 So.2d 1300 (Fla. 3d DCA 1990) (recognizing  trial court's grant of leave to file fourth amended complaint); Olsen v. BellSouth, 662 So.2d 425 (Fla. 4th DCA 1994) (reversing trial court denial of leave to file fourth amended complaint); Furst v. Blackman, 744 So.2d 1222 (Fla. 4th DCA 1999) (reversal of trial court dismissal of pertinent counts of third amended complaint with prejudice); and DeLoach v. Aird, 989 So.2d 652 (Fla. 2d DCA 2007)(denying writ of certiorari following trial court grant of leave to file a fourth amended complaint).

The Second District in Reyes v. BAC Home Loans, 226 So.3d 354, 2017 WL 3878666 (Fla. 2d DCA 2017) opined as follows:

"The trial court denied Reyes' motion to amend because Reyes filed it two weeks before the scheduled hearing on BAC's motion for summary judgment and because the court found that counsel had failed to establish 'excusable neglect' for the delay. But the bare

timing of a motion to amend and whether counsel's failure to seek amendment sooner constituted 'neglect,' excusable or otherwise, are, at most, ancillary to the primary considerations of prejudice to the opposing party, abuse of the privilege, and futility of the proposed amended pleading…

"The record does not establish any of the dangers that would support the denial of Reyes' motion to amend…

The court reversed the denial of leave to amend as an abuse of discretion. Id. at 357-58. The Reyes v. BAC decision makes clear the breadth with which Florida courts have interpreted the Rule 1.190(a) phrase, "[l]eave of court [to amend] shall be given freely when justice so requires." In reversing trial court denial of the defendant's motion for leave to amend her answer, the Reyes court held both that no showing of "excusable neglect" is required for leave to amend to be granted, and that on a motion for leave to amend, "the primary considerations [are] prejudice to the opposing party, abuse of the privilege, and futility of the proposed amended pleading." Id. at 354; see also Laurencio v. Deutsche Bank Nat'l Co., 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011) ("A trial court's refusal to permit an amendment of a pleading is an abuse of discretion unless it is clear that: (1) the amendment would prejudice the opposing party; (2) the privilege to amend has been abused, or (3) the amendment would be futile." (quoting S. Developers & Earthmoving, Inc. v. Caterpillar Fin. Services, Corp., 56 So. 3d 56, 62-63 (Fla. 2d DCA 2011))); RV-7 Prop., Inc. v. Stefani De La O., Inc., 187 So. 3d 915, 917 (Fla. 3d DCA 2016 ("If such dangers cannot be clearly established, the trial court abuses its discretion by denying the party's motion for leave to amend the pleading." (citing Cobbum v. Citimortgage, Inc., 158 So. 3d 755, 756 (Fla. 2d DCA 2015))); Carib Ocean Shipping, Inc. v. Armas, 854 So. 2d 234 (Fla. 3d DCA 2003)(citing Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank, 592 So. 2d 302 (Fla. 1st DCA 1991)(general rule favors amendment), it is clear that the "interests of justice" are far better served by determining a case on its substantive merits, rather than a mistake in

pleading); <u>Anglo American Auto Auctions, Inc. v. Tuminello, 732 So. 2d 1218 (Fla. 5th DCA 1999)</u> (denial of leave to amend answer to include defense of statute of frauds at close of evidence abuse of discretion);  W<u>ayne Creasy <u>Agency, Inc. v. Maillard</u>, 604 So. 2d 1235 (Fla. 3rd DCA 1992)(denial of leave to amend abuse of discretion where proffered amendment demonstrates successful cause of action); D<u>esigners <u>Tile Int'l Corp. v. Capitol C Corp.</u>, 499 So. 2d 4 (Fla. D DCA 1986), review denied, <u>508 So.2d 13 (Fla.1987)</u>, it is clear that the "justice factor" more than outweighs any such prejudice including that which may have been caused by the fact that the motion to amend was not filed until shortly before trial); F<u>oman v. Davis, 371 U.S. 178, 182 (1962)</u>("In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given.").

Leave to amend would not be futile, Plaintiff has not abused the privilege to amend, there has been no bad faith, undue delay or dilatory motive on the part of the Plaintiff, repeated failure to cure deficiencies by amendments, or undue prejudice to the opposing party.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant leave to amend as requested herein.

Respectfully submitted,


/s/ Katherine L. Viker
Katherine L. Viker, Esquire (FBN 538531)
MARIE A. MATTOX, P. A.
203 North Gadsden Road
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk via the Florida Courts e-Filing Portal only this 8th day of April 2024, which will send Notification of Electronic Filing to all counsel of record.


 /s/ Katherine Viker
Katherine Viker

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

**CYNTHIA JOHNSON,**                    **CASE NO.: 23-CA- 3526**
                                        **FLA BAR NO.: 0739685**
      **Plaintiff,**

**v.**

**OKALOOSA COUNTY CLERK OF COURT,**

      **Defendant.**
_____/

## AMENDED COMPLAINT

Plaintiff, Cynthia Johnson, hereby sues Defendant, OKALOOSA COUNTY CLERK OF COURT, and alleges:

## NATURE OF THE ACTION

1.　　This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes, Age Discrimination in Employment Act (ADEA) codified at 29 U.S.C. §621 et seq., Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000e et seq. under 42 U.S.C. §1981, and Americans with Disabilities Act (ADA), codified at 42 U.S.C. § 12101, et seq.

2.　　This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

## THE PARTIES

3.　　At all times pertinent hereto, Plaintiff, CYNTHIA JOHSON, has been a resident of the State of Florida and applied for employment with Defendant. Plaintiff, an African American disabled woman, is a member of a protected class due to her race, age, and disability.

4.     At all times pertinent hereto, Defendant, OKALOOSA COUNTY CLERK OF COURT (hereinafter "Okaloosa Clerk"), has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.     Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff, an African American female, applied for two positions with Defendant and was denied employment due her race, disability, and age.

7.     The disparate treatment and retaliation came at the hands of specifically but not limited to Chelsea Law, Human Resource Generalist, and Meribeth Poole, Deputy Chief of Administration, both white women.

8.     Plaintiff was an eligible candidate at the time of her applications. Plaintiff provided her DD-214-member #4(Certificate of Release or Discharge from Active Duty) form with applications that showed character of service and an Honorable Discharge.

9.     Specifically, on October 19, 2021, Plaintiff applied for the Customer Call Center Representative position with veterans preference for service connected-disabilities.

10.     On November 15, 2021, Plaintiff applied for a Customer Service Training Coordinator position with Defendant with veterans preference for service connected-disabilities.

11.     After each application was submitted, Plaintiff was notified that her application had been received. When Plaintiff was not selected for each position, she was also notified of her non-hire.

12.     On November 1, 2021, Plaintiff was notified that she did not receive the first position for which she applied. That same day, she reached out to Chelsea Law via email to ask her why she did not receive an interview due to her veteran status with service-connected disabilities.

13.     On November 2, 2021, Law replied to Plaintiff stating that another veteran was chosen instead of Plaintiff.

14.     Also, on November 2, 2021, Plaintiff requested from Law via email Defendant's hiring policy and procedures regarding the hiring of veterans with service-connected disabilities.

15.     On December 10, 2021, after Plaintiff had applied for the Customer Service Training Coordinator position but before said position had closed, Plaintiff noticed that the position title had been changed to "Training Coordinator."

16.     On December 22, 2021, Plaintiff received a notification that she had not received the aforementioned Customer Service Training Coordinator position.

17.     On January 7, 2022, Plaintiff called Law and asked why she did not get an interview. Plaintiff stated that she read Defendant's policies which she had requested and followed them exactly but was still not given an interview as specified in the policy.

18.     Plaintiff also asked Law why the position title had changed in the middle of the hiring process.

19.     Law only explained that Defendant had changed the position title during its hiring process but failed to address why Plaintiff was not given an interview. Law stated that Defendant had interviewed "five highly qualified candidates."

20.     Plaintiff then stated that she did not believe that Defendant was following its own Equal Opportunity Policies and that she wanted documentation on each candidate that was interviewed.

21.     After her call with Law, Plaintiff, within in minutes, received a call from Poole. Poole proceeded to state that Plaintiff had not submitted her DD-214 to Defendant in its hiring process and therefore had not received veterans preference.

22.     But Plaintiff did indeed submit the requisite forms. However, even if she had not, she did indicate on her applications that she was a veteran and per Defendant's policy she should have been notified of the missing forms and allowed five days to cure their absence.

23.     Upon investigation from Plaintiff pursuant to her public records request, it was found that Defendant hired a candidate for its Customer Call Center Representative position after having informed that candidate that they needed to add a DD-214 to their application in order to be given veterans preference.

24.     Further, that candidate did not even correct their mistake by adding the right DD-214 instead they added a version of the form which did not indicate they were given an Honorable Discharge.

25.     Plaintiff, despite attaching the required form to her application, was not given the same notification by Defendant who claimed that she, like the other candidate, did not attach a DD-214 to her application.

26.     Plaintiff further found out that the candidate hired for Defendant's Customer Service Training Coordinator position was not a veteran nor were they disabled.

27.     Plaintiff's public records request also revealed that both of the candidates hired by Defendant were significantly younger than Plaintiff.

4

28.     Further, both candidates hired by Defendant were white women like the members of Defendant's management who had discriminated against Plaintiff.

29.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

30.     Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

32.      Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

33.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

34.     Defendant's known allowance and ratification of these actions and inactions created, perpetuated, and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

5

35.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

36.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff not being hired as alleged above.

37.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

38.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

**COUNT II**
**AGE DISCRIMINATION**

39.     Paragraphs 1 through 29 are realleged and incorporated herein by reference.

40.     This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

41.     Plaintiff has been the victim of discrimination on the basis of her age in that she was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her age.

42.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and

6

adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

43.      In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

44.      The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's employment with Defendant.

45.      Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

46.      As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

## COUNT III
## DISABILITY DISCRIMINATION

47.      Paragraphs 1 through 29 are realleged and incorporated herein by reference.

48.      This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

49.     Plaintiff has been the victim of discrimination based on her disability or perceived disability.  Plaintiff's disability was used against her in the hiring process within Defendant.

50.     Defendant is liable for the differential treatment of Plaintiff, which adversely affected the terms and conditions of Plaintiff's prospective employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

51.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived disability based and in violation of the laws set forth herein.

52.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff not being hired by the Defendant.

53.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under the laws enumerated herein.

54.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.   Plaintiff is entitled to injunctive/equitable relief.

## COUNT IV
## AGE DISCRIMINATION

8

55.    Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

56.    This is an action against Defendant for age-based discrimination brought under 29 U.S.C. §621 et seq.

57.    Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her age.

58.    Defendant failed to hire, discharged, or otherwise discriminated against Plaintiff with respect to Plaintiff's compensation, terms, conditions, or privileges of employment because of, at least in part, Plaintiff's age.

59.    Alternatively, Defendant deprived attempted to deprive Plaintiff of employment opportunities and/or took actions which adversely affected Plaintiff's status as an employee in that Defendant limited, segregated, or classified Plaintiff or reduced Plaintiff's wages.

60.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

61.    Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

62.    Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

9

63.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

64.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

65.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

66.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief, punitive damages and liquidated damages where appropriate.

**COUNT V**
**RACE DISCRIMINATION**

67.     Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

68.     This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

69.     Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her race. This has impaired Plaintiff's rights to make and enforce contracts by subjecting her to different standards in the making, performance, modification, or termination of her contract with Defendant and/or in the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

70.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

71.    Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

72.    Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

73.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

74.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and impaired Plaintiff's right to make and enforce contracts..

75.    The events set forth herein led, at least in part, to Plaintiff's termination.

76.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §1981 and 42 U.S.C. §2000e et seq..

77.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These

damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages.

## COUNT VI
## DISABILITY DISCRIMINATION

78.    Paragraphs 1 through 29 above are re-alleged and incorporated herein.

79.    This count sets forth a claim for discrimination on the basis of Plaintiff's actual or perceived mental or physical disability and/ or record of impairment, brought under 42 U.S.C. §12101, et seq.

80.    Plaintiff has been a victim of discrimination on the basis of actual or perceived disability and/or record of impairment. During the course of Plaintiff's employment by Defendant, Plaintiff was treated differently than similarly situated employees who are non-disabled, not perceived as disabled, or do not have a comparable record of impairment to Plaintiff.

81.    Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected a term, condition, or privilege of Plaintiff's employment with Defendant as those terms are used in the applicable statutes.

82.    Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

83.    In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were disability/perceived disability-based and in violation of the laws set forth herein.

84.    The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff not being hired for multiple positions that she applied to with Defendant.=.

12

85.     Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon disability or perceived disability, under the laws cited herein.

86.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and likely will continue in to the future. Plaintiff is entitled to equitable/injunctive relief and to punitive damages under this count.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

13

(g)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished to all counsel of record by eportal this 8th day of April, 2024.

/s/ Marie A. Mattox
Marie A. Mattox

14

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR OKALOOSA COUNTY, FLORIDA

CYNTHIA  JOHNSON,                    CASE NO.: 2023-CA- 3526

    Plaintiff,

v.

OKALOOSA COUNTY CLERK OF COURT,

    Defendant.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ /

## CONSENTED ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter came before the Court on Plaintiff's Motion for Leave to File Amended

Complaint.  The Court being fully apprised of the matters set forth and by agreement of the parties

it is,

    ORDERED AND ADJUDGED as follows: Defendant's Motion is GRANTED. Defendant

has ten (10) days from the date of this Order to respond to the amended complaint.

    DONE and ORDERED in Chambers at Pensacola, Escambia County, Florida.

04/16/2024 12:29:02

signed by CIRCUIT COURT JUDGE JAN SHACKELFORD  04/16/2024 12:29:02 3EfjupJ

**Parties will receive service from the Courts at the e-mail designations on the service list of the ePortal.  The Attorney/movant shall effectuate service upon any party not registered on the service *list* of the ePortal and file a Certificate of Compliance within five business days.**

**IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA**
**CIVIL DIVISION**

CYNTHIA JOHNSON,
       Plaintiff,

                           CASE NO. 2023-CA-003526

vs.

                           DIVISION: E

OKALOOSA COUNTY CLERK OF COURT,
       Defendant.

_____/

## ORDER SETTING CASE MANAGEMENT CONFERENCE

In order to explore possible settlement of this cause, expedite this proceeding for the interests of the parties and others affected, efficiently utilize judicial resources, and ensure the cause is ready for final hearing, it is hereby,

**ORDERED AND ADJUDGED THAT,**

A. A thirty (30) minute case management conference is scheduled before the Honorable Jan Shackelford, on **Monday the 24th day of June 2024 at 9:15 a.m. Central Time**.    All counsel are required to have their personal calendars at the conference.    ALL PARTIES are required to attend the conference unless excused by the Judge.    If a party is represented by counsel, only the attorney is required to attend. **The parties should come to the hearing with mediation already scheduled.**

This hearing will be conducted remotely via Zoom.    Instructions to participate should be shared with the court report if the parties wish for the hearing to be recorded.

Join Zoom Meeting from Computer
https://zoom.us/j/7623753843

Meeting ID: 762 375 3843

Dial-in from telephone
+1 312 626 6799 US (Primary)
+1 929 205 6099 US (Secondary)

Meeting ID: 762 375 3843

B. Counsel or the parties *pro se* shall be prepared to discuss with the Judge the following matters:

1. Scheduling or rescheduling the service of motions, pleadings, and other papers.

2. Setting of jury or judge trial.

3. Coordinating the progress of the case if complex litigation factors are present.

4. Limiting, scheduling, ordering, or expediting discovery.

5. Scheduling disclosure of expert witnesses and the discovery of facts known and opinions held by such experts.

6. Scheduling or hearing motions related to admission or exclusion of evidence.

7. The status of settlement negotiations and pursuing the possibilities of settlement.

8. Requiring filing of preliminary stipulations if issues can be narrowed.

9. The status of previously ordered mediation and the ordering of mediation on other issues.

10. Appointing court experts and allocating the expenses for the appointment.

11. Scheduling other conferences or determining other matters that may aid in the disposition of the case.

C. Counsel or the parties *pro se* **shall e-file and submit a courtesy copy to the Judge,** and serve on opposing counsel or party *pro se*, **not less than 48 hours** before the Case Management Conference, **a written statement** that contains the following:

1. Undisputed issues.

2. Disputed issues.

3. Issues of law that the Judge should decide before this case can be resolved.

4.      (a) Issues in dispute that cannot be resolved by mediation.
(b) Information needed and your schedule for obtaining necessary information before a mediation conference.

5.      A proposed discovery schedule.

**FAILURE OF ANY PARTY TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN STRIKING OF PLEADINGS, OR PARTS OF THEM, OR STAYING FURTHER PROCEEDINGS UNTIL THIS ORDER IS OBEYED OR DISMISSING THE ACTION OR RENDERING JUDGMENT BY DEFAULT AGAINST THE DISOBEDIENT PARTY.**

**THIS CONFERENCE IS SET WITHOUT CLEARING THE TIME WITH COUNSEL OR THE PARTIES PRO SE. IF THE SCHEDULED CONFERENCE TIME IS INCONVENIENT FOR COUNSEL OR THE PARTIES, IT WILL BE THE RESPONSIBILITY OF THAT PERSON TO RESCHEDULE THE CONFERENCE IMMEDIATELY UPON RECEIPT OF THIS ORDER BY CONTACTING THE JUDICIAL ASSISTANT TO THE UNDERSIGNED JUDGE.**

**DONE AND ORDERED** in Chambers at Pensacola, Escambia County, Florida.

02/06/2024 14:36:49

signed by CIRCUIT COURT JUDGE JAN SHACKELFORD  02/06/2024 02:36:49 XzTUH15Z

Copies to:

Marie A. Mattox, Esq.
*Counsel for Plaintiff*

Jason C. Taylor, Esq.
*Attorney for Defendant*

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact:**

**Court Administration, ADA Liaison**
**Escambia County**
**190 Governmental Center, 5th Floor**
**Pensacola, FL 32502**
**Phone (850) 595-4400 Fax (850) 595-0360**
**ADA.Escambia@flcourts1.gov**

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA
## CIVIL DIVISION

CYNTHIA JOHNSON,
        Plaintiff,

                                CASE NO. 2023-CA-003526

vs.

                                DIVISION: E

OKALOOSA COUNTY CLERK OF COURT,
        Defendant.
_____/

### ORDER SETTING CASE MANAGEMENT CONFERENCE

        In order to explore possible settlement of this cause, expedite this proceeding for the interests of the parties and others affected, efficiently utilize judicial resources, and ensure the cause is ready for final hearing, it is hereby,

        **ORDERED AND ADJUDGED THAT,**

        A. A thirty (30) minute case management conference is scheduled before the Honorable Jan Shackelford, on **Monday the 24th day of June 2024 at 9:15 a.m. Central Time**. All counsel are required to have their personal calendars at the conference. ALL PARTIES are required to attend the conference unless excused by the Judge. If a party is represented by counsel, only the attorney is required to attend. **The parties should come to the hearing with mediation already scheduled.**

        This hearing will be conducted remotely via Zoom. Instructions to participate should be shared with the court report if the parties wish for the hearing to be recorded.

Join Zoom Meeting from Computer
https://zoom.us/j/7623753843

Meeting ID: 762 375 3843

Dial-in from telephone
+1 312 626 6799 US (Primary)
+1 929 205 6099 US (Secondary)

Meeting ID: 762 375 3843

B.  Counsel or the parties *pro se* shall be prepared to discuss with the Judge the following matters:

1.  Scheduling or rescheduling the service of motions, pleadings, and other papers.

2.  Setting of jury or judge trial.

3.  Coordinating the progress of the case if complex litigation factors are present.

4.  Limiting, scheduling, ordering, or expediting discovery.

5.  Scheduling disclosure of expert witnesses and the discovery of facts known and opinions held by such experts.

6.  Scheduling or hearing motions related to admission or exclusion of evidence.

7.  The status of settlement negotiations and pursuing the possibilities of settlement.

8.  Requiring filing of preliminary stipulations if issues can be narrowed.

9.  The status of previously ordered mediation and the ordering of mediation on other issues.

10.  Appointing court experts and allocating the expenses for the appointment.

11.  Scheduling other conferences or determining other matters that may aid in the disposition of the case.

C.  Counsel or the parties *pro se* **shall e-file and submit a courtesy copy to the Judge,** and serve on opposing counsel or party *pro se*, **not less than 48 hours** before the Case Management Conference, **a written statement** that contains the following:

1.  Undisputed issues.

2.  Disputed issues.

3.  Issues of law that the Judge should decide before this case can be resolved.

4.    (a) Issues in dispute that cannot be resolved by mediation.
(b) Information needed and your schedule for obtaining necessary
information before a mediation conference.

5.    A proposed discovery schedule.


**FAILURE OF ANY PARTY TO COMPLY WITH THE TERMS OF THIS
ORDER MAY RESULT IN STRIKING OF PLEADINGS, OR PARTS OF THEM, OR
STAYING FURTHER PROCEEDINGS UNTIL THIS ORDER IS OBEYED OR
DISMISSING THE ACTION OR RENDERING JUDGMENT BY DEFAULT AGAINST
THE DISOBEDIENT PARTY.**


**THIS CONFERENCE IS SET WITHOUT CLEARING THE TIME WITH
COUNSEL OR THE PARTIES PRO SE.  IF THE SCHEDULED CONFERENCE TIME
IS INCONVENIENT FOR COUNSEL OR THE PARTIES, IT WILL BE THE
RESPONSIBILITY OF THAT PERSON TO RESCHEDULE THE CONFERENCE
IMMEDIATELY UPON RECEIPT OF THIS ORDER BY CONTACTING THE
JUDICIAL ASSISTANT TO THE UNDERSIGNED JUDGE.**


**DONE AND ORDERED** in Chambers at Pensacola, Escambia County, Florida.

02/06/2024 14:36:49

signed by CIRCUIT COURT JUDGE JAN SHACKELFORD  02/06/2024 02:36:49 XzTUH15Z


Copies to:

Marie A. Mattox, Esq.
*Counsel for Plaintiff*

Jason C. Taylor, Esq.
*Attorney for Defendant*

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact:

**Court Administration, ADA Liaison**
**Escambia County**
**190 Governmental Center, 5th Floor**
**Pensacola, FL 32502**
**Phone (850) 595-4400 Fax (850) 595-0360**
ADA.Escambia@flcourts1.gov

at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."